UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

JASON TARO,

                              Petitioner,

   v.
                                                    9:14-CV-0612
MICHAEL CAPRA,                                      (GLS)
                              Respondent.
_____

APPEARANCES:                        OF COUNSEL:

FOR THE PETITIONER:
Jason Taro
Pro Se
08-B-3007
Green Haven Correctional Facility
P.O. Box 4000
Stormville, NY 12582

FOR THE RESPONDENT:
HON. ERIC T. SCHNEIDERMAN           LISA E. FLEISCHMANN
Office of the Attorney General      Assistant Attorney General
120 Broadway
New York, NY 10271

GARY L. SHARPE
United States District Judge

## DECISION AND ORDER

## I.      INTRODUCTION

        Petitioner *pro se* Jason Taro filed an amended petition for a writ of habeas corpus and

a memorandum of law pursuant to 28 U.S.C. § 2254.  Dkt. No. 7, Amended Petition ("Am.

Pet."); Dkt. No. 7-1, Memorandum of Law in Support of a Petition for Writ of Habeas Corpus

("Mem.").  He raises the following substantive grounds for habeas relief: appellate and trial

counsel were ineffective (Ground One); the prosecutor engaged in misconduct by improperly

cross-examining petitioner, making improper comments in summation, and failing to correct

false testimony by prosecution witnesses (Ground Two); the trial court failed to exercise, or abused, its discretion to make an appropriate *Sandoval* ruling[1] (Ground Three); the trial court erred by allowing the prosecutor to read petitioner's grand jury testimony into the record at trial and to submit the transcript as a trial exhibit in her case in chief (Ground Four); the predatory sexual assault against a child and first degree criminal sexual act charges (Counts One and Two of the Indictment) were multiplicitous and violated the double jeopardy clause (Ground Five); and the criminal sexual act conviction (Count Two) must be dismissed because it is a lesser inclusory concurrent count of predatory sexual assault (Count One) (Ground Six).  Am. Pet. at 4-5[2]; Mem. at 2-16.  Respondent opposes the petition.  Dkt. No. 14, Answer; Dkt. No. 14-1, Memorandum of Law in Opposition to the Petition for a Writ of Habeas Corpus ("R. Mem."); Dkt. No. 16, State Court Record ("SR").

For the reasons that follow, the petition is denied and dismissed.

## II.    RELEVANT BACKGROUND

Petitioner was convicted, following a jury trial in the Onondaga County Court, of predatory sexual act against a child (N.Y. Penal Law §130.96); first degree criminal sexual act (N.Y. Penal Law §130.50(3)); first degree sexual abuse (N.Y. Penal Law §130.65(3)); and endangering the welfare of a child (N.Y. Penal Law §260.10).  Am. Pet. at 1; R. Mem. at 1; *People v. Taro,* 96 A.D.3d 1371 (4th Dep't 2012).  The charges stemmed from an incident that took place during the fall of 2007, when petitioner placed his hand and mouth on the vagina of a ten-year-old girl ("the victim").  The specific facts are known to the parties and will

---

[1] *People v. Sandoval*, 34 N.Y.2d 371 (1974).  A Sandoval hearing is held to determine the scope of a prosecutor's cross-examination of a criminal defendant regarding his or her prior convictions.

[2] The cited page numbers for the petition and memorandum of law refer to those generated by the Court's electronic filing system.

be repeated only to the extent necessary to address petitioner's claims.

On September 5, 2008, the trial court sentenced petitioner to serve an indeterminate sentence of fifteen years to life for predatory sexual assault.  Dkt. No. 16-4, Sentencing Transcript at 9.[3]  He was also sentenced to serve concurrent determinate sentences of fifteen years followed by five years post-release supervision for first degree criminal sexual act, seven years followed by five years post-release supervision for first degree sexual abuse, and one year for endangering the welfare of a child.  *Id.* at 9-10.

Petitioner appealed, arguing: (1) the predatory sexual assault and criminal sexual act charges (Counts One and Two of the Indictment) were multiplicitous and violated double jeopardy; (2) the criminal sexual act conviction must be dismissed because it is a lesser inclusory concurrent count of predatory sexual assault; (3) he was denied a fair trial by the prosecutor's misconduct; (4) the trial court failed to exercise, or abused, its discretion to make a proper *Sandoval* ruling; (5) the trial court erred by permitting the prosecutor to read petitioner's entire grand jury testimony into the record during her case in chief; (6) trial counsel was ineffective; and (7) the sentence imposed was harsh and excessive.  Dkt. No. 16 at SR 8-9, 14-45, Appellant's Brief.

On June 8, 2012, the Appellate Division reversed petitioner's criminal sexual act conviction and dismissed Count Two of the indictment because it was a "lesser inclusory concurrent count" of predatory sexual assault.  *Taro,* 96 A.D.3d at 1371-72.  The Appellate Division affirmed the conviction and sentence as modified.  *Id.*  The New York Court of Appeals denied leave to appeal on August 24, 2012.  *Taro*, 19 N.Y.3d 1001 (2012).

---

[3]  The cited page numbers for all transcripts filed at Dkt. Nos. 16-2 through 16-4 refer to the original numbers appearing at the top right-hand corner of each page.

In papers dated October 24, 2013, petitioner filed an application for a writ of error *coram nobis* in which he argued appellate counsel was ineffective for making "poorly drafted arguments unsupported by the record," and for failing to argue trial counsel was ineffective and had a conflict of interest.  Dkt. No. 16-1 at SR 326-29; Affidavit in Support of Petition for a Writ of Error Coram Nobis; SR 330-40, Memorandum of Law.  The People opposed the motion.  *Id.* at SR 341-46, Answering Affirmation.  On December 27, 2013, the Appellate Division, Fourth Department, denied petitioner's motion, and on May 19, 2014, the New York Court of Appeals denied leave to appeal.  *People v. Taro*, 112 A.D.3d 1384 (4th Dep't. 2013), *lv. denied* 23 N.Y.3d 968 (2014).

This action followed.

## III.    DISCUSSION

### A.    Part of Ground Two and Grounds Three, Four, and Five are Unexhausted and Procedurally Defaulted.

An application for a writ of habeas corpus may not be granted until a petitioner exhausts all remedies available in state court unless "there is an absence of available State corrective process" or "circumstances exist that render such process ineffective to protect the rights of the applicant."  28 U.S.C. § 2254 (b)(1)(A), (B)(i), (ii).  The exhaustion requirement "is principally designed to protect the state courts' role in the enforcement of federal law and prevent disruption of state judicial proceedings[.]"  *Jimenez v. Walker*, 458 F.3d 130, 149 (2d Cir. 2006) (quoting *Rose v. Lundy*, 455 U.S. 509, 518 (1982)).

To properly exhaust his claims, petitioner must do so both procedurally and substantively.  Procedural exhaustion requires that he raise all claims in state court prior to raising them in a federal habeas corpus petition.  Substantive exhaustion requires that the

4

petitioner "fairly present" each claim for habeas relief in "each appropriate state court (including a state supreme court with powers of discretionary review), thereby alerting that court to the federal nature of the claim." *Baldwin v. Reese*, 541 U.S. 27, 29 (2004) (citations omitted). Petitioner must also use the proper procedural vehicle so that the state court may pass on the merits of his claims. *Dean v. Smith*, 753 F.2d 239, 241 (2d Cir. 1985); *Barton Fillion*, No. 9:03-CV-1377 (DNH/GJD), 2007 WL 3008167, at *5 (N.D.N.Y. Oct. 10, 2007).

A petitioner satisfies the fair presentation requirement by: "(a) reliance on pertinent federal cases employing constitutional analysis, (b) reliance on state cases employing constitutional analysis in like fact situations, (c) assertion of the claim in terms so particular as to call to mind a specific right protected by the Constitution, and (d) allegation of a pattern of facts that is well within the mainstream of constitutional litigation." *Carvajal v. Artus*, 633 F.3d 95, 104 (2d Cir. 2011) (quoting *Daye v. Attorney Gen. of N.Y.*, 696 F.2d 186, 194 (2d Cir.1982) (en banc)); *see Baldwin*, 541 U.S. at 33 ("Reese, however, has not demonstrated that Oregon law uses the words 'ineffective assistance' in the manner he suggests, that is, as referring only to a federal-law claim.").

In this case, petitioner did not raise his argument that the prosecutor committed misconduct because she did not correct "false or mistaken material testimony of prosecution witnesses" (part of Ground Two) in any state court. He raised his *Sandoval* and grand jury testimony claims (Grounds Three and Four) on direct appeal, but both claims were based solely on state law and state evidentiary principles and failed to alert the Appellate Division or the New York Court of Appeals to the federal constitutional nature of the claims as required. Dkt. No. 16-1 at SR 29-38, Appellant's Brief; *see, e.g., Adams v. Robertson*, 520 U.S. 83, 89,

n. 3 (1997) (per curiam) (concluding that "passing invocations of 'due process'" that "fail to cite the Federal Constitution or any cases relying on the Fourteenth Amendment" do not "meet our minimal requirement that it must be clear that a *federal* claim was presented") (emphasis in original); *Smith v. Phillips,* 455 U.S. 209, 221 (1982) ("Federal courts hold no supervisory authority over state judicial proceedings and may intervene only to correct wrongs of constitutional dimension."); *Maxwell v. Greiner*, No. 1:04-CV-4477, 2008 WL 2039528, at *5 (E.D.N.Y. May 12, 2008) (holding that petitioner's "passing reference to a constitutional right is insufficient in light of the fact that his entire argument exclusively relies on and discusses New York state cases applying New York state law").

Additionally, as argued by petitioner, the *Sandoval* and grand jury claims do not "call to mind a specific right protected by the constitution," or allege "a pattern of facts that is well within the mainstream of constitutional litigation." *Carjaval*, 633 F.3d at 104; *see Brown v. Senkowski,* 152 F. App'x. 15, 17-18 (2d Cir. 2005) ("[A]ny fair reading of petitioner's application for leave to appeal to the New York Court of Appeals indicates that petitioner's application rested exclusively on state law grounds," thus "fail[ing] to alert the New York Court of Appeals as to the federal constitutional nature of petitioner's . . . claim."); *Petrucelli v. Coombe,* 735 F.2d 684, 688 (2d Cir. 1984) (petitioner's argument that the introduction of certain evidence at trial "deprived him of a fair trial" and "due process of law" was insufficient to put the state court on notice of petitioner's federal constitutional claim (citation omitted)); *Cosby v. LaValley*, No. 9:12-CV-0704 (LEK/ATB), 2014 WL 3734213, at *17 (N.D.N.Y. Jul. 28, 2014) ("Petitioner's appellate counsel did not cite to the federal constitution, nor did she cite to any state cases citing to, or analyzing, federal constitutional principles.  The

prosecutor also did not cite to any federal case law or principles.  Thus, the bolstering claim

is not exhausted."); *Bristol v. Superintendent*, No. 9:04-CV-1230 (FJS), 2008 WL 2097160, at

*5 (N.D.N.Y. May 19, 2008) (petitioner's claim that "the trial court abused its discretion when

it permitted the prosecutor to read portions of Petitioner's grand jury testimony relating to

past sexual crimes into evidence in her direct case because the trial court did not conduct a

hearing, in violation of the C.P.L., to address whether the probative value of the grand jury

testimony was outweighed by its prejudicial effect" was unexhausted and procedurally

defaulted because it was not presented to the state courts in federal constitutional terms)

(internal quotation marks omitted).

Petitioner's *Sandoval* claim, along with his multiplicitous count claim (Ground Five),

are also unexhausted because petitioner did not raise them in his application for leave to

appeal to the New York Court of Appeals.  Dkt. No. 16-1 at SR 316-21, Leave Letter.

Instead, appellate counsel based her leave application on only three grounds: the prosecutor

engaged in misconduct; the Appellate Division erred by affirming his conviction without

addressing the trial court's ruling that allowed the court reporter to read petitioner's grand jury

testimony in its entirety at trial; and trial counsel was ineffective.  *Id.* at SR 317-21.  Because

appellate counsel argued only three of petitioner's claims at length in the leave application,

and did not ask the Court of Appeals to review all claims raised in the Appellate Division, the

*Sandoval* claim and the multiplicitous counts claim were not fairly presented to the New York

Court of Appeals and they are unexhausted.  *See Galdamez v. Keane*, 394 F.3d 68, 74-75

(2d Cir. 2005) (claims properly exhausted where the "fair import of the total application

suggests a request for review of all the issues argued to the Appellate Division.") (internal

quotations and citation omitted); *Ramirez v. Atty. Gen., Stat of N.Y.*, 280 F.3d 87, 96, 97 (2d Cir. 2001) (explaining that "[r]eferences to attached briefs without more will preserve issues only if the Court of Appeals is clearly informed that the reference is asserting issues in those briefs as bases for granting leave to appeal"); *Jordan v. LeFevre*, 206 F.3d 196, 198 (2d Cir. 2000) ("Arguing a single claim at length and making only passing reference to possible other claims to be found in the attached briefs does not fairly apprise the state court of those remaining claims."); *Grey v. Hoke*, 933 F.2d 117, 120 (2d Cir. 1991) (if a petitioner's leave application specifically requested review of only one claim, all other claims would be deemed procedurally defaulted, even though the petitioner included his appellate brief in which the other claims were raised).

There is no remaining avenue by which petitioner could properly exhaust any of these claims in state court. He cannot now file a direct appeal or leave application in order to exhaust them because a defendant is "entitled to one (and only one) appeal to the Appellate Division," and one application for leave to appeal to the Court of Appeals. *Aparicio v. Artuz*, 269 F.3d 78, 91 (2d Cir. 2001); *Grey*, 933 F.2d at 120. The facts that would support petitioner's prosecutor misconduct claim were apparent on the record, and "New York does not otherwise permit collateral attacks on a conviction when the defendant unjustifiably failed to raise the issue on direct appeal." *Id.* at 91 (citing CPL § 440.10 (2)(c); *see Clark v. Perez*, 510 F.3d 382, 393 (2d Cir. 2008) (holding that "even if no state court had applied section 440.10 (2)(c) to Clark's claim, the district court itself should have done so in the first instance pursuant to the exhaustion requirement for federal habeas."); *Sweet v. Bennett*, 353 F.3d 135, 140-41 (2d Cir. 2003) (applying CPL §440.10 (2)(c) to claims raised for the first time in

federal habeas petition).

Additionally, if petitioner filed a CPL §440.10 motion in an attempt to exhaust the *Sandoval*, grand jury testimony, and multiplicitous counts claims, the state court would likely deny the motion because the Appellate Division considered and rejected those claims as either unpreserved or without merit. *Taro*, 96 A.D.3d at 1371-72; *see* CPL §440.10(2)(a) (a state court "must deny" a motion to vacate a judgment when "[t]he ground or issue raised upon the motion was previously determined on the merits upon an appeal from the judgment, unless since the time of such appellate determination there has been a retroactively effective change in the law controlling such issue"). Since no remaining avenue exists in which petitioner could properly present his claims to the state courts, they are deemed exhausted but also procedurally defaulted. *Coleman v. Thompson*, 501 U.S. 722, 732 (1991); *Aparicio*, 269 F.3d at 90.

Procedurally defaulted claims are not subject to habeas review unless a petitioner shows cause for the default and actual resulting prejudice, or that the denial of habeas relief would result in a fundamental miscarriage of justice, *i.e.*, that he is actually innocent. *See House v. Bell*, 547 U.S. 518, 536-39 (2006); *Schlup v. Delo*, 513 U.S. 298, 327 (1995); *see also Dunham v. Travis*, 313 F.3d 724, 730 (2d Cir. 2002) ("Actual innocence means factual innocence, not mere legal insufficiency." (citation omitted)). To establish cause, petitioner must show that some objective external factor impeded his ability to comply with the relevant procedural rule. *Maples v. Thomas*, 132 S. Ct. 912, 922 (2012); *Coleman*, 501 U.S. at 753. If a petitioner fails to establish cause, a court need not decide whether he suffered actual prejudice, because federal habeas relief is generally unavailable as to procedurally defaulted

claims unless both cause and prejudice are demonstrated.  *See Murray v. Carrier*, 477 U.S. 478, 496 (1986) (referring to the "cause-and-prejudice standard"); *Stepney v. Lopes*, 760 F.2d 40, 45 (2d Cir. 1985) (same).

Petitioner does not assert any basis for finding cause to excuse the default of his claims.  Am. Pet; *see Bossett v. Walker*, 41 F.3d 825, 829 (2d Cir. 1994) (concluding that petitioner did not satisfy the cause and prejudice showing where he did not give any reason for failing to properly exhaust his federal claim in state court).  Even if the Court were to liberally construe the petition and accompanying memorandum as arguing that appellate counsel was ineffective in failing to properly raise this claims, that argument fails.  The ineffectiveness of counsel for not raising or preserving claims in state court will be sufficient to show cause for a procedural default only when counsel was so ineffective that the representation violated the petitioner's Sixth Amendment right to counsel.  *Edwards v. Carpenter*, 529 U.S. 446, 451 (2000); *Aparicio*, 269 F.3d at 91.  But as discussed below, petitioner's arguments that appellate counsel was ineffective are without merit and therefore may not serve as cause to excuse his default.  *Edwards*, 429 U.S. at 451; *Aparicio*, 269 F.3d at 91.  Since petitioner has not shown cause, the Court need not decide whether he will suffer actual prejudice before foreclosing habeas review.  *Murray*, 477 U.S. at 496; *Stepney*, 760 F.2d at 45.

Finally, petitioner makes no showing that he is actually innocent.  He raises several technical arguments regarding his conviction, but he has not proffered any new evidence that would make a reasonable jury doubt his guilt.  *See Poindexter v. Nash*, 333 F.3d 372, 380-81 (2d Cir. 2003) (noting that the concept of actual innocence is distinct from the concept of

legal innocence, and a petitioner whose "argument is a technical one" does not raise "a claim of 'actual innocence' as that term is used . . . in habeas jurisprudence generally"); *Williams v. Brown*, No. 1:08-CV-10044, 2010 WL 850182, at *3 (S.D.N.Y. Mar. 11, 2010) (rejecting actual innocence claim where "[t]he evidence adduced by [the petitioner] in his petition solely concerns certain alleged procedural irregularities . . . none of which casts any doubt on [the petitioner's] underlying guilt."); *see also Schlup*, 513 U.S. at 329 ("[A]ctual innocence . . . does not merely require a showing that a reasonable doubt exists in the light of the new evidence, but rather that no reasonable juror would have found the defendant guilty.").

Without a showing of cause and prejudice, or a fundamental miscarriage of justice, this Court must bar consideration of these claims. Accordingly, petitioner's claim that the prosecutor did not correct false testimony (part of Ground Two), the *Sandoval* claim (Ground Three), the grand jury testimony claim (Ground Four), and the multiplicitous count claim (Ground Five) are dismissed.[4]

---

[4] Even if these claims were properly before the Court, no relief would issue. Petitioner's claim that the prosecutor failed to correct "false or mistaken material testimony of prosecution witnesses," is too vague to state a basis for habeas relief because he did not identify what testimony the prosecutor should have corrected. *See* Am. Pet.; *Brown v. New York*, No. 1:04-CV-1087, 2006 WL 3085704, at *7 (E.D.N.Y. Oct. 30, 2006) (vague and conclusory allegations are insufficient to state a viable claim for habeas relief); *Skeete v. New York*, No. 1:03-CV-2903, 2003 WL 22709079, at *2 (E.D.N.Y. Nov. 17, 2003) ("vague, conclusory and unsupported claims do not advance a viable claim for *habeas corpus* relief.") (emphasis in original).

Petitioner's *Sandoval* and grand jury testimony claims present questions of state evidentiary law that generally are not subject to federal habeas review. *Swarthout v. Cooke*, 562 U.S. 216, 219 (2011) ("[F]ederal habeas corpus relief does not lie for errors of state law.'") (quoting *Estelle v. McGuire*, 502 U.S. 62, 67 (1991)). Federal courts may issue a writ of habeas corpus based upon state evidentiary errors only if the petitioner demonstrates that there was an error by the state court and that the "state court's erroneous conclusions about New York evidence law were so egregious as to implicate the Fourteenth Amendment's guarantee of due process," which is one of "fundamental fairness," and is "defined . . . very narrowly." *Evans v. Fischer*, 712 F.3d 125, 133 (2d Cir. 2013) (quoting *Dowling v. United States*, 493 U.S. 342, 352 (1990)). Petitioner's arguments in support of his *Sandoval* and grand jury testimony claims do not meet this high standard. *Swarthout*, 562 U.S. at 219; *Estelle*, 502 U.S. at 67; *see Lopez v. Graham*, No. 1:11-CV-7729, 2014 WL 2940855, at *12 (S.D.N.Y. Jun. 30, 2014) (*Sandoval* ruling "did not deny petitioner a fundamentally fair trial" because the court "allowed reference to his prior drug convictions but limited the references to the category of the crimes and precluded any specification of details. This ruling is at least generally consistent with both federal and state court decisions, which have taken a balancing approach in assessing whether proof of prior narcotics convictions may be used to

**B.     Ground Two is barred from habeas review because the Appellate Division's decision rejecting it rested upon an adequate and independent state law ground.**

Petitioner argues in Ground Two of his petition that the prosecutor engaged in misconduct by: (1) improperly shifting the burden of proof to him by asking questions designed to elicit testimony from petitioner that his friends and family "abandoned contact with him and did not believe him," inferring that they believed he was guilty; (2) implying that he had an "obligation to discredit the People's witnesses, intimating that a burden rests upon [him] to call witnesses on his behalf;" and (3) asking questions on cross-examination what were "irrelevant, immaterial, prejudicial improper bolstering and improper denigration" even after counsel's objections were sustained.  Pet. at 4; Mem. at 10-16.

Petitioner raised these arguments on direct appeal.  Dkt. No. 16 at SR 18-28, Appellant's Brief.  The Appellate Division rejected them, ruling that "[a]lthough [petitioner] failed to preserve for our review his further contention that he was deprived of a fair trial by prosecutorial misconduct, (*see* CPL 470.05 [2]), we would nevertheless reject that contention even if [he] had preserved it for our review."  *Taro*, 96 A.D.3d at 1372.  The Appellate Division then ruled that "[r]eversal on grounds of prosecutorial misconduct is mandated only when the conduct has caused such substantial prejudice to the defendant that he [or she]

---

challenge a defendant's credibility.") (citations omitted); *Bethune v. Superintendent, Bare Hill Corr. Fac.*, 299 F. Supp. 2d 162, 165 (W.D.N.Y. 2004) ("[T]here was no error under New York state law or federal law in introducing [Petitioner's] grand jury testimony because a party's admissions constitute an exception to the hearsay rule."); *People v. Thomas*, 300 A.D.2d 1034, 1035 (4th Dep't 2002) (grand jury testimony admissible in case in chief where defendant waived immunity, which contemplated the use of his grand jury testimony in a later proceeding), *lv. denied*, 99 N.Y.2d 633 (2003).

Finally, petitioner's argument that Counts One and Two of the Indictment were multiplicitous (Ground Five) is barred by an adequate and independent state court ground.  The Appellate Division concluded this claim was unpreserved for review because petitioner did not object on that ground in the trial court.  *Taro*, 96 A.D.3d at 1372 (citing CPL §470.05(2)).  Ground Five is also moot because the Appellate Division reversed petitioner's conviction on Count Two and dismissed it.  *Id.*

has been denied due process of law, and that is not the case here." *Id.* (internal quotation marks and citation omitted).  Respondent argues that petitioner's claims are procedurally defaulted based upon the Appellate Division's reliance on an adequate and independent state ground to deny them.  This Court agrees.

Substantive review of a habeas claim is prohibited if the state court rested its decision on "'a state-law ground that is independent of the federal question and adequate to support the judgment." *Walker v. Martin,* 562 U.S. 307, 315 (2011) (quoting *Coleman*, 501 U.S. at 729).  To qualify as an "adequate" ground, the state rule must be "firmly established and regularly followed." *Id.* at 316 (quotation marks and citation omitted); *Downs v. Lape*, 657 F.3d 97, 101 (2d Cir. 2011) (explaining that habeas review of a state court's application of its own rules is deferential and is focused on whether the challenged ruling "falls within the state's usual practice and is justified by legitimate state interests, not whether the state court ruling was correct").  A rule can be firmly established and regularly followed "even if the appropriate exercise of discretion may permit consideration of a federal claim in some cases but not others." *Beard v. Kindler*, 558 U.S. 53, 61 (2009).  Finally, even if the state court proceeds to consider the merits of an unpreserved claim, its reliance on a procedural ground as one basis for the denial of the claim precludes habeas review. *Harris v. Reed*, 489 U.S. 255, 264 n.10 (1989) ("a state court need not fear reaching the merits of a federal claim in an *alternate* holding" because "the adequate and independent state ground doctrine requires the federal court to honor a state holding that is a sufficient basis for the state court's judgment, even when the state court also relies on federal law.") (emphasis in original); *Fulton v. Graham*, No. 14-1861-pr, 2015 WL 5294878, at *5 (2d Cir. Sept. 11, 2015) (state

13

court's discussion of ineffective assistance claim, introduced by noting that "if this court were to consider the defendant's claim of ineffective assistance of counsel, the motion would similarly be denied" signaled that the court "was not basing its judgment on the merits of the federal claim, but rather on a state procedural bar").

Under New York's Criminal Procedure Law ("CPL"), defendants must preserve challenges to a prosecutor's alleged misconduct by objecting at a time when the trial court may act to correct the error. CPL § 470.05(2) (providing that a question of law is presented when "a protest thereto was registered, by the party claiming error, at the time of such ruling . . . or at any subsequent time when the court had an opportunity of effectively changing the same"). New York courts interpret this "contemporaneous objection rule" to require, "at the very least, that any matter which a party wishes the appellate court to decide have been brought to the attention of the trial court at a time and in a way that gave [it] the opportunity to remedy the problem and thereby avert reversible error." *People v. Luperon*, 85 N.Y.2d 71, 78 (1995). To preserve a claim, the defendant must "specifically focus on the alleged error." *Garvey v. Duncan*, 485 F.3d 709, 714 (2d Cir. 2007) (collecting state court authority). The Second Circuit has "held repeatedly that the contemporaneous objection rule is a firmly established and regularly followed New York procedural rule." *Downs*, 657 F.3d at 103 (collecting cases).

In "exceptional cases," the "exorbitant application of a generally sound rule renders the state ground inadequate to stop consideration of a federal question." *Lee v. Kemna*, 534 U.S. 362, 376 (2002); *see Cotto v. Herbert*, 331 F.3d 217, 239 (2d Cir. 2003) (quoting *Lee*, 534 U.S. at 376). But here, the Appellate Division's application of the contemporaneous

14

objection rule was consistent with the state's usual practice.  *See People v. Kims*, 24 N.Y.3d 422, 440 (2014) ("[T]he defendant's contention that the People's summation constituted prosecutorial misconduct is unpreserved for review since defendant failed to object during the summation."); *People v. Utley*, 45 N.Y.2d 908, 910 (1978) ("No objection having been taken to the remarks in the prosecutor's summation that have been raised on this appeal, including the comments expressing confidence in the truthfulness of the police officers, they are not preserved for review in this court (CPL 470.05, subd. 2)."); *People v. Winchell*, 129 A.D.3d 1309, 1313 (3d Dep't 2015) ("Defendant's further claim that he was deprived of a fair trial due to prosecutorial misconduct during the People's opening statement and summation is largely unpreserved[.]"); *People v. Harris*, 129 A.D.3d 990, 991-92 (2d Dep't 2015) ("The defendant's contention that the prosecutor committed misconduct on summation is unpreserved for appellate review, as he failed to object to the challenged comments (*see* CPL 470.05[2])."); *People v. Smith*, 129 A.D.3d 1549, 1549 (4th Dep't 2015) ("Defendant's contention that he was denied a fair trial based upon prosecutorial misconduct is unpreserved for our review inasmuch as defendant did not object to any of the alleged instances of misconduct.") (internal quotation marks omitted); *People v. Ramos*, 125 A.D.3d 565, 566-67 (1st Dep't 2015) ("Defendant's remaining claims, including those relating to prosecutorial misconduct, are unpreserved, and we decline to review them in the interest of justice.").

The Appellate Division's application of the rule also furthered the state's legitimate interests in ensuring that parties alert the trial court to potential errors while the court may still address them, and in preventing "those who fail to do so from 'sandbagging' the opposing

party and the trial court on appeal." *Whitley v. Ercole*, 642 F3d 278, 288 (2d Cir. 2011) (quoting *Garcia v. Lewis*, 188 F.3d 71, 82 (2d Cir. 1999)); *see Osborne v. Ohio,* 495 U.S. 103, 123 (1990) ("The state procedural rule . . . serves the State's important interest in ensuring that counsel do their part in preventing trial courts from" committing error at trial); *Garvey*, 485 F.3d at 720 ("[D]emanding compliance with [§ 470.05(2) ] serves a legitimate governmental interest in this case, that is to say, the interest in allowing the trial court to have the first opportunity to rule on and possibly rectify any alleged legal error.").

Accordingly, the Appellate Division's express invocation of CPL §470.05(2) to dispose of petitioner's prosecutor misconduct claims bars federal habeas review unless petitioner shows cause for the default and actual resulting prejudice, or that the failure to review his claim would result in a fundamental miscarriage of justice. *House*, 547 U.S. at 536-39; *Schlup;* 513 U.S. at 327. Petitioner argues that trial counsel was ineffective for failing to properly object to the prosecutor's conduct. Am. Pet., Mem. But as discussed below, petitioner's trial counsel ineffectiveness claims are without merit and therefore may not serve as cause to excuse his procedural default of the prosecutor misconduct claims. *Edwards*, 529 U.S. at 451, *Aparicio*, 269 F.3d at 91. Since petitioner failed to establish cause, the Court need not decide whether he will suffer actual prejudice before foreclosing habeas review of the prosecutor misconduct claims. *Murray*, 477 U.S. at 496; *Stepney*, 760 F.2d at 45. Finally, as previously noted, petitioner makes no showing that he is actually innocent. His prosecutorial misconduct claims are therefore barred from habeas review. *See Bilal v. Graham*, No. 1:11-CV-4195, 2015 WL 3854705, at *9 (S.D.N.Y. Jun. 22, 2015) (Appellate Division's application of CPL §470.05(2) was an adequate and independent state ground

16

upon which to bar petitioner's challenge to prosecutor's remarks in summation); *Grady v. Conway*, No. 1:11-CV-7277, 2015 WL 2330022, at *8 (S.D.N.Y. May 11, 2015) (prosecutor misconduct claim barred where Appellate Division found the claim was unpreserved for appellate review), *adopted* 2015 WL 5008463 (S.D.N.Y. Aug. 24, 2015).  Ground Two of the petition is dismissed.[5]

> **C.    Ground Six of the petition is moot.**

This Court's subject matter jurisdiction is limited by Article III, Section 2 of the United States Constitution to matters that present a "case or controversy."  *Spencer v. Kemna*, 523 U.S. 1, 7 (1998); *Baur v. Veneman*, 352 F.3d 625, 631-32 (2d Cir. 2003).  An issue becomes moot when it is no longer live "or the parties lack a legally cognizable interest in the outcome."  *Ariola v. LaClair*, No. 9:08-CV-0116 (GLS/RFT), 2014 WL 4966748, at *8 (N.D.N.Y. Sept. 30, 2014) (quoting *City of Erie v. Pap's A.M.*, 529 U.S. 277, 287 (2000) (internal quotation marks and citations omitted)).  "The hallmark of a moot case or controversy is that the relief sought can no longer be given or is no longer needed."  *Martin-Trigona v. Shiff*, 702 F.2d 380, 386 (2d Cir.1983).

Petitioner argues in Ground Six of his petition, as he did on direct appeal,  that "the conviction of count 2 must be dismissed because it is an inclusory concurrent count of the

---

[5]  It is worth noting that, even if the claim was not defaulted, no relief would issue.  A petitioner may obtain federal habeas relief based on a claim of prosecutor misconduct only if the misconduct "so infected the trial with unfairness as to make the resulting conviction a denial of due process."  *Darden v. Wainwright*, 477 U.S. 168, 181 (1986) (quoting *Donnelly v. DeChristoforo*, 416 U.S. 637, 643 (1974)); *see Parker v. Matthews*, 132 S. Ct. 2148, 2153 (2012) (identifying *Darden* and *Donnelly* as "clearly established Federal law" governing prosecutor misconduct claims) (per curiam).  As the Appellate Division noted, petitioner failed to show that the alleged instances of misconduct "caused such substantial prejudice" that he was "denied due process of law."  *Taro*, 96 A.D.3d at 1372.  In other words, the Appellate Division found, consistent with the federal standard, that even if the prosecutor's conduct was improper, petitioner failed to show that conduct had a "substantial and injurious effect" on the jury's verdict.  *Fry v. Pliler*, 551 U.S. 112, 121-22 (2007).

first count" of the indictment.  Am. Pet. at 5; Mem. at 5-6.  The Appellate Division agreed, and reversed petitioner's conviction on Count Two of the Indictment and dismissed that count.  *Taro*, 96 A.D.3d at 1371-72.  There is no further relief that this Court can grant to him. *Martin-Trigona*, 702 F.2d at 386.  This claim is therefore dismissed as moot.

### D.    Ineffective Assistance of Counsel Claims (Ground One)

Petitioner argues in Ground One of his petition that appellate counsel was ineffective. Am. Pet at 4.  Although it is not entirely clear from his papers, petitioner may also be attempting to argue that trial counsel was ineffective for the reasons set forth in his direct appeal.  *See id.*; Mem. at 6-7; R. Mem. at 45.[6]  The Appellate Division's rejection of these claims was not contrary to, or an unreasonable application of, clearly established Supreme Court precedent.

### 1.    AEDPA Standard of Review

Under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), a federal court may grant habeas corpus relief with respect to a claim adjudicated on the merits in state court only if, based upon the record before the state court, the state court's decision: (1) was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States; or (2) was based on an unreasonable determination of the facts in light of the evidence presented in the State court

---

[6] In his memorandum of law, petitioner claims that trial counsel was ineffective because he failed to prepare for trial, was inept at cross-examining the victim, failed to advocate for petitioner, "led a campaign of bullying and deception," and failed to hire an expert.  Mem. at 6-7.  These arguments were not presented to any state court as stand-alone ineffective assistance of trial counsel claims, and are therefore unexhausted for purposes of federal habeas review.  However, petitioner argued in his *coram nobis* application that appellate counsel was ineffective for failing to argue trial counsel's ineffectiveness, based in part on these arguments.  *See* Dkt. No. 16-1 at SR 328-40.  Therefore, the Court will liberally construe petitioner's petition and memorandum of law as raising these trial counsel ineffective assistance claims in support of his argument that appellate counsel was ineffective.

proceeding. 28 U.S.C. §§2254(d)(1), (2); *Cullen v. Pinholster*, 563 U.S. 170,  , 131 S. Ct. 1388, 1398, 1400 (2011); *Premo v. Moore*, 562 U.S. 115, 120-21 (2011); *Schriro v. Landrigan*, 550 U.S. 465, 473 (2007). This standard is "highly deferential" and "demands that state-court decisions be given the benefit of the doubt." *Felkner v. Jackson*, 562 U.S. 594, 598 (2011) (per curiam) (quoting *Renico v. Lett*, 559 U.S. 766, 773 (2010) (internal quotation marks omitted)).

The Supreme Court has repeatedly explained that "a federal habeas court may overturn a state court's application of federal law only if it is so erroneous that 'there is no possibility fairminded jurists could disagree that the state court's decision conflicts with th[e Supreme] Court's precedents.'" *Nevada v. Jackson*, 133 S. Ct. 1990, 1992 (2013) (per curiam) (quoting *Harrington v. Richter*, 562 U.S. 86, 102 (2011)); *see Metrish v. Lancaster*, 133 S. Ct. 1781, 1787 (2013) (explaining that success in a habeas case premised on § 2254(d)(1) requires the petitioner to "show that the challenged state-court ruling rested on 'an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement.'") (quoting *Richter*, 562 U.S. at 103)).

Additionally, the AEDPA foreclosed "'using federal habeas corpus review as a vehicle to second-guess the reasonable decisions of state courts.'" *Parker v. Matthews*, 132 S. Ct. 2148, 2149 (2012) (per curiam) (quoting *Renico,* 559 U.S. at 779). A state court's findings are not unreasonable under §2254(d)(2) simply because a federal habeas court reviewing the claim in the first instance would have reached a different conclusion. *Wood v. Allen*, 558 U.S. 290, 301 (2010). "The question under AEDPA is not whether a federal court believes the state court's determination was incorrect but whether that determination was unreasonable - a substantially higher threshold." *Schriro*, 550 U.S. at 473. Finally, federal

19

habeas courts must presume that the state courts' factual findings are correct unless a petitioner rebuts that presumption with "'clear and convincing evidence.'" *Schriro*, 550 U.S. at 473-74 (quoting § 2254(e)(1)).

### 2.    Ineffective Assistance of Trial Counsel

To demonstrate constitutionally ineffective assistance of counsel, a petitioner must show that counsel's performance fell below an objective standard of professional reasonableness, and but for counsel's alleged errors, the result of the proceedings would have been different, and as a result, petitioner suffered prejudice. *Premo*, 562 U.S. at 121-22; *Strickland v. Washington*, 466 U.S. 668, 694 (1984). "*Strickland* does not guarantee perfect representation, only a reasonably competent attorney." *Richter*, 562 U.S. at 791 (quoting *Strickland*, 466 U.S. at 687) (internal quotation marks and further citation omitted). A petitioner must overcome "a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance . . . [and] that, under the circumstances, the challenged action 'might be considered sound trial strategy.'" *Strickland*, 466 U.S. at 689 (quoting *Michel v. Louisiana*, 350 U.S. 91, 101 (1955)). Even if a petitioner can establish that counsel was deficient, he still must show that he suffered prejudice. *Id.* at 693-94.

Meeting this burden is "never an easy task . . . [and] establishing that a state court's application of *Strickland* was unreasonable under § 2254(d) is all the more difficult." *Premo*, 562 U.S. at 122 (citations and internal quotation marks omitted); *Burt v. Titlow*, 134 S. Ct. 10, 16 (2013) ("AEDPA erects a formidable barrier" to federal habeas review of an ineffective assistance claim). When reviewing a state court's decision under section 2254, "[t]he question is not whether a federal court believes the state court's determination under the *Strickland* standard was incorrect but whether that determination was unreasonable-a

substantially higher threshold." *Knowles v. Mirzayance*, 556 U.S. 111, 123 (2009) (internal quotation marks and citation omitted).  Federal habeas courts "must guard against the danger of equating unreasonableness under *Strickland* with unreasonableness under § 2254(d)" because "[w]hen §2254(d) applies, the question is not whether counsel's actions were reasonable." *Richter*, 562 U.S. at 105.  Instead, "the question is whether there is any reasonable argument that counsel satisfied *Strickland* 's deferential standard." *Id.*

In this case, the record shows that counsel was prepared and made appropriate pretrial motions.  For example, counsel successfully argued against the admission into evidence of prior bad acts involving allegations against petitioner by other children, and that spousal privilege prevented petitioner's wife from testifying about the contents of letters he sent to her.  Dkt. No. 16-2, Motion Argument, June 26, 2008 at 5-8, 13-35; Dkt. No. 16-3, Trial Transcript at 414-29.  Counsel actively participated in jury selection, pursued a credible defense strategy, made appropriate objections and cogent opening and closing statements, and vigorously cross-examined the People's witnesses. *See* Dkt. No. 16-2, Trial Transcript at 23-106; Dkt. No. 16-3, Trial Transcript at 107-62, 191-97, 290-95, 317, 318-29, 338, 346, 350-58, 359-60, 368-71, 372-73, 375-76, 382, 384-87, 388-89, 409-410, 414-29, 435, 436-39, 445, 448-58, 500-19.  "[I]t is difficult to establish ineffective assistance when counsel's overall performance indicates active and capable advocacy." *Richter*, 562 U.S. at 111.

Despite counsel's overall effective performance, petitioner claims that counsel was ineffective for failing to object to the court's *Sandoval* ruling.  Although he acknowledges counsel argued the convictions at issue were too remote, he asserts that counsel should have objected to the court's ruling because the court did not weigh the probative value of the convictions against the prejudicial effect the convictions might have on the jury.  Dkt. No. 16

at SR 40, Appellant's Brief.  He also claims counsel should have corrected the prosecutor's erroneous belief that petitioner was convicted in 1999 of a misdemeanor charge of driving while ability impaired ("DWAI").  *Id.* at SR 30.

At trial, the prosecutor sought permission to ask petitioner questions on cross-examination regarding a 1981 felony burglary conviction and several misdemeanor convictions, including the 1999 DWAI conviction.  Dkt. No. 16-2, Trial Transcript at 4. Counsel argued first that to permit questioning about the burglary conviction would be "unfair" and would "create a prejudicial effect and it really has nothing to do with this case[.]" *Id.* at 5.  He further argued that if any questioning on the remote convictions was permitted, there should be "some sort of compromise[.]"  *Id.*  Counsel's argument was successful, leading the court to exclude any questioning on the felony conviction and to limit the questioning on the misdemeanors "to the extent that he has several misdemeanor convictions . . . without getting into the nature of those convictions or the underlying acts[.]" *Id.* at 5.  Finally, counsel's failure to correct any misunderstanding regarding whether petitioner was convicted of DWAI in 1999 was harmless because: (1) the trial court's *Sandoval* ruling prohibited the prosecutor from asking questions regarding the nature of the misdemeanor convictions; and (2) the prosecutor did not ask any questions regarding any of the convictions.  *See* Dkt. No. 16-4, Trial Transcript at 465-82.  On this record, the Appellate Division's rejection of this part of petitioner's ineffective assistance claim was reasonable and was not contrary to clearly established Supreme Court precedent.  *Richter*, 562 U.S. at 791, *Strickland*, 466 U.S. at 689.

Petitioner next argues that counsel failed to adequately object to the prosecutor's questioning on cross-examination, or to move for a mistrial.  In the context of a habeas

petition, the question is not whether counsel's failure to object constituted ineffective assistance, but whether the Appellate Division unreasonably concluded that it was not ineffective assistance. *See Richter*, 562 U.S. at 101 ("The pivotal question is whether the state court's application of the *Strickland* standard was unreasonable.").

Counsel objected several times during the prosecutor's cross-examination of petitioner, and many of those objections were sustained. Dkt. No. 16-4, Trial Transcript at 466-82. For example, counsel's objections prevented petitioner from answering why he did not ask friends to testify on his behalf, and from testifying to the physical condition of his wife's ex-husband. *See id.* at 468-69, 471, 481. He also did not have to answer questions regarding whether any family members returned the messages petitioner sent them through the jail ministry, whether his sister believed him, or whether his wife would not return his messages or whether she believed the victim. *Id.* at 468-69. Immediately following one of those sustained objections, the trial court gave a limiting instruction that it was the jury's job to "determine the credibility and the believability of the witnesses[.]" *Id.* at 469. The jury is presumed to have understood and followed the limiting instructions. *Zafiro v. United States*, 506 U.S. 534, 540 (1993).

Finally, counsel rehabilitated petitioner on re-direct examination by asking questions to show that petitioner's trial testimony was consistent with his grand jury testimony. *Id.* at 482-83. On this record, counsel could have reasonably concluded that there were insufficient grounds to support a motion for a mistrial. These strategic decisions are "virtually unchallengeable" in habeas corpus proceedings. *Strickland*, 466 U.S. at 690-91; *see Smith v. Unger*, No. 1:13-CV-5485, 2014 WL 2567099, at *19 (S.D.N.Y. Jun. 9, 2014) ("That a trial strategy ultimately fails does not in itself demonstrate that counsel was ineffective."), *adopted*

23

2014 WL 7008949 (E.D.N.Y. Dec. 12, 2014).  Based on the record, the Appellate Division's rejection of this part of petitioner's ineffective assistance claim was reasonable, and not contrary to, clearly established Supreme Court precedent.  *Strickland*, 466 U.S. at 695; *see Paige v. Lee*, No. 1:13-CV-1465, 2015 WL 1782299, at *6 (E.D.N.Y. Apr. 16, 2015) ("defense counsel's failure to object to the statements made by the prosecutor did not provide a complete and independent basis for the jury to find [p]etitioner guilty beyond a reasonable doubt.").

Finally, petitioner alleges that trial counsel was ineffective for failing to poll the jury because doing so was the only way to "discern any problems or doubts about the verdict." Dkt. No. 16 at SR 42, Appellate Brief.[7]  The trial court asked counsel if he wanted the court to poll the jury, and he responded, "I think that that [sic] is satisfactory.  I looked at all of them." Dkt. No. 16-4, Trial Transcript at 597-98.  Counsel apparently concluded, based upon his observations, there was no disagreement among the jurors, and no juror expressed any disagreement.  *Id.* at 596-97.  Petitioner points to nothing in the record to demonstrate any issues with the verdict, and the Court discerns none.[8]  Under the highly deferential AEDPA standards applicable to ineffective assistance claims, this Court cannot say that the Appellate Division unreasonably applied *Strickland* in ruling that counsel was not ineffective for failing to poll the jury.

Finally, even assuming counsel's performance was deficient, petitioner failed to

---

[7]  Under CPL §310.80, either party may ask the court to poll the jury after a verdict has been rendered.  If "any juror answers in the negative, the court must refuse to accept the verdict and must direct the jury to resume its deliberations."

[8]  The Court notes that the jury sent the trial court a note, marked as Court Exhibit F, indicating "[w]e have come to a decision."  Dkt. No. 16-4, Trial Transcript at 596.

demonstrate prejudice, *i.e.*, that but for counsel's errors, he would have been acquitted. *See Richter*, 562 U.S. at 104 ("[I]t is not enough 'to show that the errors had some conceivable effect on the outcome of the proceeding . . . Counsel's errors must be 'so serious as to deprive the defendant of a fair trial, a trial whose result is reliable.'") (quoting *Strickland*, 466 U.S. at 693, 697). Petitioner's ineffective assistance of trial counsel claims are denied and dismissed.

### 3.    Ineffective Assistance of Appellate Counsel

The *Strickland* test applies to claims of ineffective assistance of appellate counsel. To prevail, a petitioner must demonstrate: (1) appellate counsel's performance fell below an objective standard of professional reasonableness, and (2) but for appellate counsel's "unprofessional errors," the results of the proceedings would have been different, *i.e.*, the error caused prejudice to the petitioner. *Smith v. Robbins*, 528 U.S. 259, 285-286 (2000); *Strickland*, 466 U.S. at 688, 694. When challenging the effectiveness of appellate counsel, a petitioner must show that counsel "omitted significant and obvious issues while pursuing issues that were clearly and significantly weaker." *Mayo v. Henderson*, 13 F.3d 528, 533 (2d Cir. 1994); *see Clark v. Stinson*, 214 F.3d 315, 322 (2d Cir. 2000). A petitioner must show more than counsel's failure to raise a non-frivolous argument, because counsel is required to use professional judgment when deciding to concentrate on a few key issues while eliminating weaker arguments, and is not required to advance every argument urged by the petitioner. *Evitts v. Lucey*, 469 U.S. 387, 394 (1985); *Jones v. Barnes*, 463 U.S. 745, 751-752 (1983).

Petitioner claims that appellate counsel was ineffective because her performance was "deplorable," and her work was "substandard and unprofessional." Am. Pet. at 4; Dkt. No.

16-1 at SR 328-29.  But appellate counsel filed a detailed, thirty-eight-page brief in which she raised seven arguments she believed had the greatest chance of success.  Dkt. No. 16 at SR 01-45, Appellant's Brief.  Counsel successfully argued that petitioner's sexual abuse conviction had to be reversed because it was a lesser included offense of predatory sexual assault. *Taro*, 96 A.D.3d at 1371.

Despite appellate counsel's success, petitioner claims that she failed to raise "reversible issues known to her[.]"  Am. Pet. at 5.  He appears to argue that appellate counsel should have argued that trial counsel was ineffective for failing to investigate the case and advocate for petitioner, hire an expert in child abuse, or present "mitigating evidence," including conflicting medical reports and the testimony of the arresting office, and failing to poll the jurors.  Am. Pet. at 4; Mem. at 6-7; Dkt. No. 16-1 at SR 328-29, 333-38.

As previously noted, however, appellate counsel did argue that trial counsel was ineffective for failing to poll the jurors.  Dkt. No. 16 at SR 41-42, Appellant's Brief.  Appellate counsel also argued that trial counsel was ineffective for not objecting to the trial court's *Sandoval* ruling, failing to adequately protect petitioner during the prosecutor's cross-examination, and for not moving for a mistrial to cure the alleged prosecutor misconduct. Dkt. No. 16-1 at SR 40-43, Appellant's Brief.  Counsel's decision to focus on those ineffective assistance claims to the exclusion of the others identified by petitioner does not render her ineffective.  To the contrary, "appellate counsel who files a merits brief need not (and should not) raise every nonfrivolous claim, but rather may select from among them in order to maximize the likelihood of success on appeal." *Smith*, 528 U.S. at 289.

Additionally, appellate counsel may have reasonably concluded that an ineffective assistance claim based on trial counsel's decision not to consult or hire an expert would not

succeed.  "*Strickland* does not enact Newton's third law for the presentation of evidence, requiring for every prosecution expert an equal and opposite expert from the defense." *Richter*, 562 U.S. at 111.  In "many instances cross-examination will be sufficient to expose defects in an expert's presentation." *Id.*  Trial counsel elicited from Jennifer Genovese, the People's expert on Child Abuse Accommodation Syndrome, that she could not say whether the acts the victim described occurred, and he did not challenge Genovese's testimony that she did not interview the victim or review any of the case evidence.  Dkt. No. 16-4, Trial Transcript at 434, 436-39.  Trial counsel also did not challenge nurse Nancy Mitchell's testimony that she found no evidence of any sexual abuse or any "abnormal" findings.  *Id.* at 404-407.  Those facts were part of counsel's summation, in which he argued the proof was insufficient based in part on a lack of physical evidence.  *Id.* at 509-510.  On this record, the Appellate Division's rejection of petitioner's claim that appellate counsel should have argued trial counsel was ineffective based on his failure to consult or hire an expert was reasonable. *Richter*, 562 U.S. at 110-112; *see Aparicio,* 269 F.3d at 100 (explaining appellate counsel is not ineffective for failing to make meritless arguments on appeal).

To the extent petitioner argues appellate counsel should have argued trial counsel's cross-examination of the victim was inadequate, Mem. at 6-7, that argument fails.  Appellate counsel likely understood that "[d]ecisions about 'whether to engage in cross-examination, and if so to what extent and in what manner, are ... strategic in nature' and generally will not support an ineffective assistance claim."  *Dunham v. Travis*, 313 F.3d 724, 732 (2d Cir. 2002) (quoting *United States v. Nersesian*, 824 F.2d 1294, 1321 (2d Cir. 1987)); *Strickland*, 466 U.S. at 690.

Finally, petitioner claims that appellate counsel should have argued trial counsel was

ineffective for not presenting mitigating evidence, including conflicting medical reports and

the testimony of the arresting officer.  He did not identify in his petition or in his *coram nobis*

application what the alleged conflicting reports would have shown, or the importance of the

arresting officer's testimony.  *See* Am. Pet; Mem; Dkt. No. 16-1 at SR326-29.  The Appellate

Division's rejection of this vague argument as one of the bases for his claim of ineffective

assistance of appellate counsel was reasonable and did not contradict Supreme Court

precedent.  *Smith*, 528 U.S. at 289; *Evitts*, 469 U.S. at 394; *see Lopez v. Fischer*, No. 1:05-

CV-2558, 2006 WL 2996548, at *12 (S.D.N.Y. Oct. 16, 2006) ("[P]etitioner cannot show that

appellate counsel's failure to raise [meritless] claims on direct appeal renders his

representation below an objective standard of reasonableness, nor can petitioner show that

had these claims been presented on appeal, his outcome would have been any different.").

Ground One of the petition is denied and dismissed.

## IV.    CONCLUSION

**WHEREFORE**, it is hereby

**ORDERED** that the amended petition,(Dkt. No. 7) is **DENIED and DISMISSED;** and it

is further

**ORDERED** that no Certificate of Appealability ("COA") shall issue because petitioner

failed to make a "substantial showing of the denial of a constitutional right" as 28 U.S.C.

§ 2253(c)(2) requires[9]; and it is further

**ORDERED** that the Clerk serve copies of this Decision and Order upon the parties in

---

[9] *See Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003); *see also  Richardson v. Greene*, 497 F.3d 212, 217 (2d Cir. 2007) (holding that, if the court denies a habeas petition on procedural grounds, "the certificate of appealability must show that jurists of reason would find debatable two issues: (1) that the district court was correct in its procedural ruling, and (2) that the applicant has established a valid constitutional violation" (citation omitted)).

accordance with the Local Rules.

**IT IS SO ORDERED**.

October 2, 2015
Albany, New York

Gary L. Sharpe
U.S. District Judge